**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MORGAN M. H.,[1]

Plaintiff, 5:25-cv-662 (ECC/CBF)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

Howard D. Olinsky, Esq., *for Plaintiff*
Geoffrey M. Peters, Special Asst. U.S. Att'y, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Morgan M. H. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits. Dkt. No. 1. This matter was referred to Magistrate Judge Carla B. Freedman for a Report-Recommendation. *See* Dkt. Nos. 3, 4, 13; N.D.N.Y. L.R. 72.3(e). On July 15, 2026, after reviewing the parties' briefs and the Administrative Record,[2] Dkt. Nos. 6, 11, 14, 15, Magistrate Judge Freedman issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed. Dkt. No. 16. Plaintiff timely filed objections to the Report-Recommendation and the Commissioner responded. Dkt. Nos. 17, 18. For

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] The Court cites to the Bates numbering in the Administrative Record, Dkt. No. 6, as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

the following reasons, the Court adopts the Report-Recommendation in its entirety and upholds the decision of the Commissioner.

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## II. DISCUSSION

### A. Report-Recommendation

The parties have not raised any objections to the factual background or the legal framework set forth in the Report-Recommendation. *See* Dkt. No. 16 at 2-7. The Court therefore adopts Magistrate Judge Freedman's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

As relevant to her objections, Plaintiff argued before Magistrate Judge Freedman that the ALJ erred by formulating a residual functional capacity (RFC) for Plaintiff that did not fully account for the limitations caused by a severe vision impairment in her left eye. *See* Dkt. No. 11 at 17-21. Relying on a Functional Vision Assessment completed by a teacher at OCM BOCES,

Plaintiff argued that the RFC should have included the additional limitations contained therein, such as requiring 24-point font and high contrast materials, rather than the RFC's accommodations of avoiding exposure to hazards and no work "that requires binocular vision." *See id.*; R.813-17.

In evaluating Plaintiff's argument, Magistrate Judge Freedman first discussed the medical evidence and opinions the ALJ reviewed in formulating the RFC. Dkt. No. 16 at 12-13. Magistrate Judge Freedman noted that the ALJ found the opinions of five medical sources relating to Plaintiff's visual impairment to be persuasive. *Id.* (citing R.26). Two of these providers identified no ocular limitations, one noted that Plaintiff was "able to read without difficulty," one opined that Plaintiff "will have difficulty with activities of fine visual acuity," and the fifth opined that Plaintiff should avoid tasks requiring binocular vision. *See id.* (citations omitted). Magistrate Judge Freedman thus concluded that Plaintiff's argument that the ALJ erred by failing to incorporate greater limitations in the RFC was unpersuasive. *Id.*

Magistrate Judge Freedman next considered Plaintiff's reliance on a March 8, 2021 evaluation by a vocational rehabilitation counselor and a November 5, 2021 Functional Vision Assessment completed by a "Certified Teacher of Students with Visual Impairments" at OCM BOCES. *See id.* at 13-14 (citing R.816, 1146-47). The Report-Recommendation lists the accommodations mentioned in these evaluations that either Plaintiff was receiving at school or would be appropriate for her, including, for example, "preferential seating and/or screen sharing," "large print, 24 point, double spaced" font, and "high contrast materials." *Id.*

Magistrate Judge Freedman rejected Plaintiff's argument that the RFC formulated by the ALJ ignored these vocational limitations "without explanation" for three reasons. *Id.* at 15-17. First, Magistrate Judge Freedman noted that the ALJ's decision "explicitly acknowledged the accommodations contained in Plaintiff's IEP." *Id.* at 15 (citing R.22). Second, Magistrate Judge

Freedman noted that the Social Security regulations "do not require ALJs to articulate how evidence from nonmedical sources is considered." *Id.* ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." (citing 20 C.F.R. § 404.1520c(d))). Third, Magistrate Judge Freedman concluded that substantial evidence supported the ALJ's RFC determination because "no medical source opined" that Plaintiff required the accommodations "she now claims the ALJ erred in omitting from the RFC determination" and because Plaintiff did not otherwise identify support for her position. *Id.* at 16-17. Magistrate Judge Freedman therefore concluded that Plaintiff failed to demonstrate that remand on the basis of the ALJ's RFC formulation was warranted. *Id.* at 17.

**B. Plaintiff's Objections**

Plaintiff objects to the Report-Recommendation's recommended finding that the RFC was formulated without error, raising two arguments. Dkt. No. 17. First, Plaintiff argues that the Report-Recommendation "overlooks Dr. Figueroa's opinion that Plaintiff would have difficulty with activities of fine visual acuity" and therefore erroneously concludes that "no medical source" required the greater limitations Plaintiff contends should have been included in the RFC. *Id.* at 2. This argument—that Dr. Figueroa's opinion supported greater limitations related to Plaintiff's visual impairment—could have been but was not raised before Magistrate Judge Freedman, and the Court therefore need not consider it. *See, e.g.*, *Lynne M.W. v. Kijakazi*, No. 21-cv-639 (GTS/TWD), 2023 WL 196048 (Jan. 17, 2023) (noting that it is "established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not") (citation omitted). In any event, Magistrate Judge Freedman expressly noted that the ALJ relied on five different medical opinions related to Plaintiff's visual impairment which the ALJ found persuasive, of which Dr. Figueroa's was only one. *See* Dkt. No. 16 at 13. As the Commissioner points out,

"the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (citation omitted).

Second, Plaintiff objects that the Report-Recommendation "offers no clearly recommended findings" relative to her argument that the ALJ "failed to comply with controlling law" in formulating the RFC. Dkt. No. 17 at 2. Plaintiff argues that it is "unclear" why the ALJ "rejected medical evidence that her ability to perform activities requiring fine visual acuity" is impaired. *Id.* at 3. To the extent Plaintiff now argues that the ALJ did not comply with controlling law because she did not specifically explain why Dr. Figueroa's opinion about "fine visual acuity" did not result in greater limitations in the RFC, Plaintiff did not make that argument before Magistrate Judge Freedman. To the extent Plaintiff argues more generally that the ALJ failed to describe how the record evidence supports the RFC determination, the Court agrees with Magistrate Judge Freedman that the ALJ's analysis "thoroughly detailed Plaintiff's school records, the medical sources' examination findings and opinions, and Plaintiff's reported activities of daily living," thereby "identif[ying] evidence relevant to the RFC determination," and provided a sufficient basis from which the Court can glean the rationale for the RFC determination. Dkt. No. 16 at 17.

Accordingly, Plaintiff's objections to the Report-Recommendation are without merit.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, is **GRANTED**; and it is further

**ORDERED** the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Elizabeth C. Coombe
U.S. District Judge